**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALBERT VALDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-15-CV-6-KC** |
| | § | |
| **EL PASO COUNTY JAIL ANNEX,** | § | |
| **EL PASO COUNTY JAIL MEDICAL** | § | |
| **DEPARTMENT, WEST TEXAS** | § | |
| **INTERMEDIATE SANCTION FACILITY** | § | |
| **MEDICAL DEPARTMENT,** | § | |
| **Defendants.** | § | |

**ORDER ACCEPTING THE REPORT AND RECOMMENDATION**
**OF THE MAGISTRATE JUDGE**

Plaintiff Albert Valdez ("Valdez"), proceeding *pro se* and *in forma pauperis*, alleges in a civil rights complaint brought pursuant to 42 U.S.C. § 1983 (ECF No. 7), that "unknown" individuals[1] at the El Paso County Jail Annex and Medical Department in El Paso, Texas, and at the West Texas Intermediate Sanction Facility ("ISF") in Brownfield, Texas, "were deliberately indifferent to [his] 'serious medical needs.' "[2]  Valdez explains that on December 2, 2014, his temper flared and he hit the wall at the Jail Annex.[3]  He claims he was "rushed to the E.R.," seen by an orthopedic surgeon, splinted on his hand, given pain medication, and told he would "probably need surgery."[4]  He adds he re-injured his hand during a struggle with another inmate

---

[1] *See Colle v. Brazos Cnty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993) (" 'As a general rule, the use of 'John Doe' to identify a defendant is not favored.  However, . . . plaintiff should be given an opportunity through discovery to identify the unknown defendants . . . .' ") (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

[2] Pl.'s Compl. 2, 3, ECF No. 7, Feb. 9, 2015.

[3] *Id.* at 5, 9.

[4] *Id.*

on December 9, 2014.[5]  He then explains that he was transferred to the ISF on December 18, 2014, where he has "been struggling to obtain" medical assistance.[6]  With regard to the West Texas Intermediate Sanction Facility, Valdez claims the "medical staff . . . have neglected their duty to provide the medical attention needed."[7]  He includes with his petition a December 20, 2014, request to officials in which he claims his "cast is broken, causing more pain."[8]  Valdez contends Defendants' "medical neglect" prevented his "broken right hand [from] functioning properly and healing properly."[9]  Valdez concedes he did not exhaust his state administrative remedies by checking "NO" in response to the question of whether he "exhausted both steps of the grievance procedure."[10]

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."[11]  In the context of medical care, or lack of care, the Eighth Amendment prohibits deliberate indifference to the serious medical needs of prisoners.[12]  For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference of

---

[5] *Id.* at 10.

[6] *Id.*

[7] *Id.* at 10.

[8] *Id.* at 11–12.

[9] *Id.* at 2, 3, 9.

[10] *Id.* at 2 (citing Pl.'s Compl. 2, ECF No. 7, Feb. 9, 2015).

[11] *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).

[12] *Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976) (citation omitted).

serious harm exists, and he must also draw the inference."[13]  While malpractice and negligent treatment do not rise to the level of a constitutional tort,[14] a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind" can state a constitutional tort.[15] Accordingly, to state an Eighth Amendment claim of medical deliberate indifference, a plaintiff must allege a deprivation of medical care or attention sufficiently serious to show that the state has "abdicated a constitutionally-required responsibility to attend to his medical needs,"[16] and that the defendant knew of and disregarded "an excessive risk to inmate health or safety."[17]

A county or other municipality may be liable under § 1983 for its treatment of prisoners through either of two legal theories: (1) the unconstitutional conduct of an individual county policymaker, or (2) a county-wide policy, practice, or custom that deprives the plaintiff of his constitutional rights.[18]  A county or municipality may not be held liable solely because it employs a tortfeasor.[19]

In a report and recommendation (ECF No. 8), the United States Magistrate Judge to whom the Court referred this matter recommends that the Court dismiss Valdez's complaint in

---

[13] *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998).

[14] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

[15] *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105–106).

[16] *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983),

[17] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[18] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694(1978); *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308–09 (5th Cir. 2004).

[19] *Monell*, 436 U.S. at 691.

accordance with 28 U.S.C. § 1915(e)(2)(B) for three reasons.[20]  First, the Magistrate Judge notes

that it appears from the face of Valdez's complaint that he has failed to exhaust his state

administrative remedies, a statutory precondition for a prisoner's lawsuit.[21]  Second, the

Magistrate Judge observes that the named defendants—the El Paso County Jail Annex, the El

Paso County Jail Medical Department, and the West Texas Intermediate Sanction Facility

Medical Department—"are not proper entities to be sued in a § 1983 action."[22]  Finally, with

regard to the "unknown" individuals named in the complaint, the Magistrate Judge notes that

"after Plaintiff broke his hand, an x-ray was taken, his hand was placed into a splint, and he

received pain medication.  This does not demonstrate deliberate indifference rather it shows that

---

[20] Report and Recommendation 1, 5–10, ECF No. 8, Feb. 10, 2015.  *See* 28 U.S.C. § 636(b)(1)(B) (2012) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).

[21] *Id.* at 5, 6 (citing 42 U.S.C.A. § 1997e(a) (2012) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.")).

[22] *Id.* at 7.  Neither the El Paso County Jail  nor its medical department enjoy a separate legal existence from El Paso County.  *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).  Thus, the proper municipal defendant would be El Paso County.  The West Texas Intermediate Sanction Facility is a private facility operated under contract with the State of Texas.  *See* http://www.tdcj.state.tx.us/unit_directory/xn.html (last visited Mar. 9, 2015).  It is managed by Management and Training Corporation, 500 N. Marketplace Drive, Centerville, Utah 84014.  See http://www.mtctrains.com/locations (last visited Mar. 10, 2015).  Private prisons may be sued pursuant to 42 U.S.C. § 1983 only if they have acted under color of state law.  *Gallien v. Correction Corp.*, 91 F.3d 140 (5th Cir. 1996); *Rosborough v. Management & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003).  Thus, the proper corporate defendant would be Management and Training Corporation.

the medical staff responded appropriately."[23]  Magistrate Judge adds that Valdez's claim of

"medical neglect . . . is insufficient to state a claim for deliberate indifference to serious medical

needs."[24]

      In accordance with the applicable statute and rule, the Magistrate Judge allowed the

parties fourteen days to file written objections to his proposed findings, conclusions, and

recommendations.[25]  A party who files timely written objections to a magistrate judge's report is

entitled to a "de novo" review of those portions of the report to which the party objects.[26]  As to

other portions of the report or when a party does not file written objections, the Court applies a

"clearly erroneous, abuse of discretion and contrary to law" standard of review.[27]  After

---

[23] Report and Recommendation 10.

[24] *Id.* at 9 (citing *Gobert v. Coldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.")).  *See also Bohannan v. Doe*, 527 F. App'x 283, 292 (5th Cir. 2013) ("We nevertheless affirm dismissal of Bohannan's claims against these unnamed defendants because Bohannan's complaint does not show that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' ") (quoting *Gobert*, 463 F.3d at 346).

[25] Report and Recommendation 11.  *See also* 28 U.S.C. § 636(b)(1) (2012) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

[26] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

[27] *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review . . . is appropriate . . .

-5-

completing its review, the Court may accept, reject, or modify the report, in whole or in part.[28]

To date, the parties have not responded to the report.[29]

After carefully reviewing the report, the Court finds that the Magistrate Judge's proposed

findings of fact and conclusions of law are neither clearly erroneous nor contrary to law.[30]

Therefore, the Court enters the following orders:

**IT IS ORDERED** that the Court **ACCEPTS** the report and recommendation of the

Magistrate Judge (ECF No. 8).

**IT IS FURTHER ORDERED** that Valdez's civil rights complaint under 42 U.S.C. §

1983 (ECF No. 7) is **DISMISSED WITH PREJUDICE** for failing to state a claim on which

relief may be granted.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the dismissal of Valdez's complaint for failing to

---

where there has been no objection to the magistrate's ruling.").

[28] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."); Fed. R. Civ. P. 72(b) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

[29] *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

[30] *Wilson*, 864 F.2d at 1221.

state a claim will count as a "**STRIKE**" pursuant to 28 U.S.C. § 1915(g).[31]  The Clerk will therefore provide a copy of this order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention:  Three Strikes Manager, 211 West Ferguson, Tyler, Texas 75702.  The Court further **ADVISES** Valdez that *should he accumulate three strikes, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that she is in imminent danger of serious physical injury.*[32]

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

**SIGNED** this 16th day of March 2015.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[31] *See* 28 U.S.C. § 1915(g) (2012) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

[32] *Id.*